FILED
MAY 2 2 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Violations: Title 18, United States |
| | ) Code, Sections 666, 1028, 1341 and |
| | ) 2 |
| PEDRO ZENO and | ) |
| BRAULIO ESCOBAR | ) 08 CR 332 |

JUDGE KENNELLY

MAGISTRATE JUDGE VALDEZ

### INDICTMENT

### Count One

The SPECIAL FEBRUARY 2008-2 GRAND JURY charges:

1. At times material to this indictment:

   A. The Illinois Department of Employment Security ("IDES") was an agency of the State of Illinois. IDES was responsible for authorizing unemployment benefits for eligible claimants.

   B. From at least 1975 through September 2007, defendant PEDRO ZENO was employed as a Claims Processor for the IDES local office located at 2444 West Lawrence, Chicago, Illinois. In his capacity as Claims Processor, defendant ZENO was responsible for interviewing applicants for unemployment benefits and processing those applications using the State of Illinois IDES computers. Defendant ZENO had the authority to make initial determinations as to whether or not a claimant is eligible for unemployment benefits.

   C. Defendant BRAULIO ESCOBAR owned and resided at 2122 North Avers, Chicago, Illinois.

   D. Individual A resided at 2132 North Avers, Chicago,

Illinois, and allowed his uncle, BRAULIO ESCOBAR, to pick up mail at that address.

2. From on or about January 14, 2001, and continuing through on or about November 15, 2006, at Chicago and elsewhere, in the Northern District of Illinois, Eastern Division,

PEDRO ZENO
and BRAULIO ESCOBAR,

defendants herein, along with others known and unknown to the grand jury, including Individual B, devised, intended to devise and participated in a scheme to defraud and to obtain money and property from IDES by means of materially false and fraudulent pretenses, promises, and representations.

3. It was part of the scheme that defendant PEDRO ZENO accepted cash payments and approximately 130 false and fraudulent unemployment benefits applications from defendant ESCOBAR and Individual B, in exchange for defendant ZENO's agreement to process those claims.

4. It was further part of the scheme that once defendant ZENO processed these false and fraudulent unemployment claims, IDES caused benefits checks to be mailed to an address designated by defendant ESCOBAR or Individual B.

5. It was further part of the scheme that defendant ESCOBAR had access to the mailboxes at the addresses to which the fraudulent benefits checks were delivered, including but not limited to 2122 North Avers, Chicago, Illinois; 2132 North Avers,

Chicago, Illinois; 3743 West Diversey, Chicago, Illinois; and 1833 South 47th Court, Cicero, Illinois. Defendant ESCOBAR would retrieve fraudulent benefits checks mailed to these addresses.

6. It was further part of the scheme that defendant and ESCOBAR and Individual B would cash or deposit these fraudulent benefits checks at locations including but not limited to the Foster Avenue Currency Exchange, Chicago, Illinois; the Broadway Bank branch in Supermercado Villa, Chicago, Illinois; and a branch of Banco Popular in Chicago.

7. As a result of this scheme, defendants caused a loss of approximately $626,747 to IDES in fraudulent benefits checks sent to addresses designated by defendants.

8. On or about April 26, 2004, at Chicago, in the Northern District of Illinois, Eastern Division,

> PEDRO ZENO and
> BRAULIO ESCOBAR,

defendants herein, for the purpose of executing the aforesaid scheme and attempting to do so, knowingly caused to be placed in an authorized depository for mail matter, to be sent and delivered by the United States Postal Service, according to the directions thereon, a check in the amount of $141 from IDES to Alfredo G., 2122 North Avers, Chicago, Illinois;

In violation of Title 18, United States Code, Sections 1341 and 2.

### Count Two

The SPECIAL FEBRUARY 2008-2 Grand Jury further charges:

1. Paragraphs 1-7 of Count One of this indictment are realleged and incorporated as though fully set forth herein.

2. On or about May 3, 2004, at Chicago, in the Northern District of Illinois, Eastern Division,

> PEDRO ZENO and
> BRAULIO ESCOBAR,

defendants herein, for the purpose of executing the aforesaid scheme and attempting to do so, knowingly caused to be placed in an authorized depository for mail matter, to be sent and delivered by the United States Postal Service, according to the directions thereon, a check in the amount of $264 from IDES to Armenta G., 2122 North Avers, Illinois;

In violation of Title 18, United States Code, Sections 1341 and 2.

## Count Three

The SPECIAL FEBRUARY 2008-2 Grand Jury further charges:

1. Paragraphs 1-7 of Count One of this indictment are realleged and incorporated as though fully set forth herein.

2. On or about November 7, 2005, at Chicago, in the Northern District of Illinois, Eastern Division,

> PEDRO ZENO and
> BRAULIO ESCOBAR

defendants herein, for the purpose of executing the aforesaid scheme and attempting to do so, knowingly caused to be placed in an authorized depository for mail matter, to be sent and delivered by the United States Postal Service, according to the directions thereon, a check in the amount of $162 from IDES to Estela F., 2122 North Avers, Chicago, Illinois;

In violation of Title 18, United States Code, Sections 1341 and 2.

## Count Four

The SPECIAL FEBRUARY 2008-2 grand jury further charges:

1. Paragraph 1 of Count One of this indictment is realleged and incorporated as though fully set forth herein.

2. On or about June 28, 2007, at Chicago, in the Northern District of Illinois, Eastern Division,

PEDRO ZENO,

defendant herein, being an agent of the IDES, corruptly solicited and demanded, and accepted and agreed to accept, things of value, namely, a $100 cash payment from Braulio Escobar, intending to be influenced and rewarded in connection with a series of transactions involving a thing of value of $5,000 or more, namely, UI benefits in the name of N. Acosta, involving the IDES, an agency that received in excess of $10,000 in federal funding in a period from June 30, 2006, to June 29, 2007;

In violation of Title 18, United States Code, Section 666(a)(1)(B).

## Count Five

The SPECIAL FEBRUARY 2008-2 Grand Jury further charges:

1. Paragraph One of Count One of this indictment is realleged and incorporated as though fully set forth herein.

2. On or about July 9, 2007, at Chicago, in the Northern District of Illinois, Eastern Division,

PEDRO ZENO,

defendant herein, being an agent of the IDES, corruptly solicited and demanded, and accepted and agreed to accept, things of value, namely, a $300 cash payment from Braulio Escobar, intending to be influenced and rewarded in connection with a series of transactions involving a thing of value of $5,000 or more, namely, UI benefits in the names of R. Martinez and F. Garcia, involving the IDES, an agency that received in excess of $10,000 in federal funding in a period from July 11, 2006, to July 10, 2007;

In violation of Title 18, United States Code, Section 666(a)(1)(B).

## Count Six

The SPECIAL FEBRUARY 2008-2 Grand Jury further charges:

1. Paragraph 1 of Count One of this indictment is realleged and incorporated as though fully set forth herein.

2. On or about July 19, 2007, at Chicago, in the Northern District of Illinois, Eastern Division,

PEDRO ZENO,

defendant herein, being an agent of the IDES, corruptly solicited and demanded, and accepted and agreed to accept, things of value, namely, a $100 cash payment from Braulio Escobar, intending to be influenced and rewarded in connection with a series of transactions involving a thing of value of $5,000 or more, namely, UI benefits in the name of R. Martinez and F. Garcia, involving the IDES, an agency that received in excess of $10,000 in federal funding in a period from July 21, 2006, to July 20, 2007;

In violation of Title 18, United States Code, Section 666(a)(1)(B).

## FORFEITURE ALLEGATION

The SPECIAL FEBRUARY 2008-2 GRAND JURY further alleges:

1. The allegations contained in Counts 1 though 3 of this Indictment are realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. As a result of their violations of Title 18, United States Code, Section 1341 as alleged in the foregoing Indictment,

PEDRO ZENO
and BRAULIO ESCOBAR,

defendants herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section, 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all right, title and interest in property, real and personal, which constitutes and is derived from proceeds traceable to the charged offense.

3. The interests of the defendants jointly and severally subject to forfeiture pursuant to Title 18, United States Code, Section, 981(a)(1)(C) and Title 28, United States Code, Section 2461(c) include funds in the amount of $626.747.17, including $11,862 in cash seized on or about November 15, 2006.

4. If any of the property subject to forfeiture and described above, as a result of any act or omission of the defendants:

 (a) Cannot be located upon the exercise of due diligence;

 (b) Has been transferred or sold to, or deposited with, a third party;

 (c) Has been placed beyond the jurisdiction of the Court;

 (d) Has been substantially diminished in value; or

 (e) Has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY